IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODY SCIENCE LLC,<br><br>     Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION; LIFEWATCH SERVICES INC.; LIFEWATCH CORP.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; POLAR ELECTRO, INC.; A&D COMPANY, LIMITED; and A&D ENGINEERING, INC.,<br><br>     Defendants. | Civil Action No.:<br><br>Judge: |

**COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES**

Plaintiff Body Science LLC (hereinafter "Body Science"), by and through its attorneys, complains and alleges against Boston Scientific Corporation (hereinafter "Boston Scientific"); LifeWatch Services Inc. and LifeWatch Corp. (collectively, "LifeWatch"); Koninklijke Philips Electronics N.V. doing business as Philips Healthcare (hereinafter "Philips"); Polar Electro, Inc. (hereinafter "Polar"); and A&D Company, Limited and A&D Engineering, Inc. doing business as A&D Medical (hereinafter "A&D") (collectively, "Defendants") as follows:

## PARTIES

1. Body Science is a limited liability corporation organized under the laws of the State of Texas and having a place of business at 6136 Frisco Square Boulevard, Frisco, Texas 75034.

2. Upon information and belief, Boston Scientific is organized under the laws of the State of Delaware and has a place of business at 1600 Golf Road # 1200, Rolling Meadows, Illinois 60008-4229.

3. Upon information and belief, LifeWatch Services Inc. and LifeWatch Corp. are corporations organized under the laws of the State of Delaware and have a place of business at 10255 W. Higgins Road # 100, Rosemont, Illinois 60018-5608.

4. Upon information and belief, Koninklijke Philips Electronics N.V., doing business as Philips Healthcare, is a public limited liability company organized under the laws of the Netherlands and has a place of business at 555 North Commerce Street, Aurora, Illinois 60504.

5. Upon information and belief, Polar is a corporation organized under the laws of the State of Delaware and has a place of business at 1111 Marcus Avenue, New Hyde Park, New York 11042-1034.

6. Upon information and belief, A&D is a company organized under the laws of Japan and has a place of business at 1756 Automation Parkway, San Jose, California 95131.

## **NATURE OF THE ACTION AND JURISDICTION**

7. This is a civil action for patent infringement arising under the Patent Laws of the United States, and more specifically, under 35 U.S.C. § 1 *et seq.*

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 1 *et seq.*

9. Upon information and belief, Defendant Boston Scientific owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the Latitude Patient Management System and the Latitude Blood Pressure Monitor. Upon information and belief, Boston Scientific resides in this district, is registered to do business in Illinois and is actually doing substantial business in this district.

10. Upon information and belief, Defendant LifeWatch owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the PMP4 BP Pro. Upon information and belief, LifeWatch resides in this district, is registered to do business in Illinois and is actually doing substantial business in this district.

11. Upon information and belief, Defendant Philips owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including

without limitation the Telehealth Solutions with the Telestation and wireless measurement devices. Upon information and belief, Philips resides in this district, is registered to do business in Illinois and is actually doing substantial business in this district.

12. Upon information and belief, Defendant Polar owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the Polar WearLink + Transmitter with Bluetooth. Upon information and belief, Polar resides in this district, is registered to do business in Illinois and is actually doing substantial business in this district.

13. Upon information and belief, Defendant A&D owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the UA-767PBT. Upon information and belief, A&D resides in this district and is actually doing substantial business in this district.

### THE PATENTS-IN-SUIT

14. On May 8, 2007, United States Patent No. 7,215,991 ("the '991 patent"), entitled "Wireless Medical Diagnosis and Monitoring Equipment," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '991 patent is attached hereto as Exhibit A. Body Science holds all right, title, and interest in and to the '991 patent including, without limitation, the rights to damages for past and present infringement.

15. On September 11, 2001, United States Patent No. 6,289,238 ("the '238 patent"), entitled "Wireless Medical Diagnosis and Monitoring Equipment," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '238 patent is attached hereto as Exhibit B. Body Science holds all right, title, and interest in and to the '238 patent including, without limitation, the rights to damages for past and present infringement. The '991 patent and the '238 patent are referred to herein collectively as "the patents-in-suit."

16. The patents-in-suit have been the subject of prior litigation in this district, namely in *Motorola, Inc. v. Nonin Medical, Inc.*, No. 04-cv-5944 and *Motorola, Inc. v. Welch Allyn Protocol, Inc.*, No. 04-cv-02270. In *Nonin Medical*, the Court held a *Markman* hearing, construed numerous claim terms, and rendered an opinion thereon.

17. Notice of infringement has been provided for each of the asserted patents.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,215,991

18. Body Science repeats and realleges each of the allegations of paragraphs 1 through 17 as if set forth fully herein.

19. Upon information and belief, Boston Scientific markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog

converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

20. Upon information and belief, Boston Scientific has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Latitude Patient Management System and the Latitude Blood Pressure Monitor. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

21. Boston Scientific's infringing activities have damaged and will continue to damage Body Science. Unless Boston Scientific's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Boston Scientific will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

22. Upon information and belief, LifeWatch markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

23. Upon information and belief, LifeWatch has infringed and is infringing, within this district and elsewhere within the United States, one or

more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the PMP4 BP Pro. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

24. LifeWatch's infringing activities have damaged and will continue to damage Body Science. Unless LifeWatch's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, LifeWatch will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

25. Upon information and belief, Philips markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

26. Upon information and belief, Philips has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Telehealth Solutions with the Telestation and wireless measurement devices. Upon information and

belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

27. Philips' infringing activities have damaged and will continue to damage Body Science. Unless Philips' infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Philips will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

28. Upon information and belief, Polar markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

29. Upon information and belief, Polar has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Polar WearLink + Transmitter with Bluetooth. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

30. Polar's infringing activities have damaged and will continue to damage Body Science. Unless Polar's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Polar will continue to

infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

31. Upon information and belief, A&D markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

32. Upon information and belief, A&D has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the UA-767PBT. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

33. A&D's infringing activities have damaged and will continue to damage Body Science. Unless A&D's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, A&D will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,289,238

34. Body Science repeats and realleges each of the allegations of paragraphs 1 through 33 as if set forth fully herein.

35. Upon information and belief, Boston Scientific markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

36. Upon information and belief, Boston Scientific has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Latitude Patient Management System and the Latitude Blood Pressure Monitor. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

37. Boston Scientific's infringing activities have damaged and will continue to damage Body Science. Unless Boston Scientific's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Boston Scientific will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

38. Upon information and belief, LifeWatch markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

39. Upon information and belief, LifeWatch has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the PMP4 BP Pro. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

40. LifeWatch's infringing activities have damaged and will continue to damage Body Science. Unless LifeWatch's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, LifeWatch will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

41. Upon information and belief, Philips markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter

coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

42. Upon information and belief, Philips has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Telehealth Solutions with the Telestation and wireless measurement devices. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

43. Philips' infringing activities have damaged and will continue to damage Body Science. Unless Philips' infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Philips will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

44. Upon information and belief, Polar markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

45. Upon information and belief, Polar has infringed and is infringing, within this district and elsewhere within the United States, one or more claims

of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Polar WearLink + Transmitter with Bluetooth. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

46. Polar's infringing activities have damaged and will continue to damage Body Science. Unless Polar's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Polar will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

47. Upon information and belief, A&D markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

48. Upon information and belief, A&D has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the UA-767PBT. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

49. A&D's infringing activities have damaged and will continue to damage Body Science. Unless A&D's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, A&D will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Body Science prays for relief against the Defendants as follows:

A. That U.S. Patent No. 7,215,991 and U.S. Patent No. 6,289,238 be adjudged infringed by each of the Defendants;

B. That Body Science be awarded compensatory damages for past infringement by Defendants in an amount no less than a reasonable royalty, in a sum to be determined at trial;

C. That Defendants, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with Defendants be preliminarily and permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patents-in-suit;

D. That Defendants be ordered to deliver to Body Science for destruction all infringing products and systems in their possession, including the particular wireless medical diagnostic and monitoring devices described herein;

E.  For an award to Body Science of costs of this action, interest, including pre-judgment and post-judgment interest, on the award and other charges to the maximum extent permitted; and

F.  For such other further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 27, 2011

Respectfully submitted,

**BODY SCIENCE LLC**

By:  s/Allan J. Sternstein

Allan J. Sternstein
Michael Stolarski
Jeffrey A. Pine
Timothy K. Sendek
Rob R. Harmer
DYKEMA GOSSETT, PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
PH: (312) 876-1700
Fax: (312) 627-2302