**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BODY SCIENCE LLC,<br><br>                 Plaintiff,<br><br>    v.<br><br>BOSTON SCIENTIFIC<br>CORPORATION; LIFEWATCH SERVICES<br>INC.; PHILIPS ELECTRONICS NORTH<br>AMERICA CORPORATION; POLAR<br>ELECTRO, INC.; and A & D ENGINEERING,<br>INC.,<br>Defendants. | Civil Action No.: 11-cv-03619<br><br>Judge:<br>The Honorable Ruben Castillo<br><br>Magistrate Judge:<br>The Honorable Maria Valdez<br><br>**JURY TRIAL REQUESTED** |

## ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

Defendant Philips Electronics North America Corporation ("Philips") hereby answers the

Amended Complaint of Body Science LLC ("Body Science LLC"). Any allegations of the

Amended Complaint that are not expressly admitted herein are denied.

## PARTIES

1.  Body Science is a limited liability corporation organized under the laws of the
State of Texas and has a place of business at 6136 Frisco Square Boulevard, Frisco, Texas
75034.

**Answer to Paragraph 1:** Philips lacks knowledge and information sufficient to form a belief as

to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis, Philips denies

all allegations therein.

2.  Upon information and belief, Boston Scientific is organized under the laws of the
State of Delaware and has a place of business at 1600 Golf Road # 1200, Rolling Meadows,
Illinois 60008-4229.

**Answer to Paragraph 2:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis, Philips denies all allegations therein.

3. Upon information and belief, LifeWatch is a corporation organized under the laws of the State of Delaware and has a place of business at 10255 W. Higgins Road # 100, Rosemont, Illinois 60018-5608.

**Answer to Paragraph 3:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, Philips denies all allegations therein.

4. Upon information and belief, Philips is a corporation organized under the laws of the State of Delaware and has a place of business at 440 Medinah Road, Roselle, Illinois 60172.

**Answer to Paragraph 4:** Philips admits that it is a corporation organized under the laws of the State of Delaware and that it has a place of business at 440 Medinah Road, Roselle, Illinois 60172.

5. Upon information and belief, Polar is a corporation organized under the laws of the State of Delaware and has a place of business at 1111 Marcus Avenue, New Hyde Park, New York 11042-1034.

**Answer to Paragraph 5:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, Philips denies all allegations therein.

6. Upon information and belief, A & D is a corporation organized under the laws of the State of California and has a place of business at 1756 Automation Parkway, San Jose, California 95131.

**Answer to Paragraph 6:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, Philips denies all allegations therein.

## NATURE OF THE ACTION AND JURISDICTION

7.  This is a civil action for patent infringement arising under the Patent Laws of the United States, and more specifically, under 35 U.S.C. § 1 *et seq.*

**Answer to Paragraph 7:** Philips admits that Plaintiff purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Philips denies that plaintiff has in fact stated a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 1 *et seq.*

**Answer to Paragraph 8:** Philips admits that this Court has subject matter jurisdiction over Philips pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 1 *et seq.*

9.  Upon information and belief, Defendant Boston Scientific owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the Contak Renewal 3 RF, Contak Renewal 4 RF, Livian Cardiac Resynchronization, Latitude Patient Management System, the Latitude Blood Pressure Monitor, Confient iCD, Cognis Cardiac Resynchronization Therapy Defibrillator (CRT-D), Confient Implantable Cardioverter Defibrillator (ICD), Vitality Family of ICDs, and Teligen Implantable Cardioverter Defibrillator (ICD). Upon information and belief, Boston Scientific resides in this district, is registered to do business in Illinois and is actually doing substantial business in this district.

**Answer to Paragraph 9:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, Philips denies all allegations therein.

10.  Upon information and belief, Defendant LifeWatch owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the LifeStar Act, LifeStar ACT Ex, LifeStar ACT III, Ambulatory Cardiac Telemetry – CG-6108 ACT, CG-900P Fetal Maternal Monitor, BP Pro, PMP4 Easy2Check, LifeStar, SelfCheck Weight Scale, HealthePod "10 in 1" Wellness Monitor, Fetal Trace Fetal Monitor, SelfCheck ECG, CG-7000DX-BT Diagnostic 12-Lead ECG, Spiro Pro, and Oxy Pro. Upon information and belief, LifeWatch resides in this district, is registered to do business in Illinois and is actually doing substantial business in this district.

**Answer to Paragraph 10:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, Philips denies all allegations therein.

11. Upon information and belief, Defendant Philips owns, operates, and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the Telehealth Solutions with the Telestation and wireless measurement devices, Telestation LifeLine product family, Home Healthcare Solutions products, Invivo Expression, Intellivue MP 20 and MP 30, Intellivue MP5, Intellivue MP5T patient monitor, Intellivue MMS X2, Intellivue MP2, Intellivue Information Center, PageWriter TC70 cardiograph, PageWriter TC50 cardiograph, PageWriter TC30 cardiograph, Wireless portable detector for DigitalDiagnost, CX50 CompactXtreme Ultrasound System, and Intellivue M4841A. Upon information and belief, Philips resides in this district, and is registered to do business in Illinois, and is actually doing substantial business in this district.

**Answer to Paragraph 11:** Philips admits that it manufactures and sells the products identified in paragraph 11. Philips admits that it is registered to do business in Illinois and it conducts business in Illinois. Otherwise, Philips denies the allegations of paragraph 11.

12. Upon information and belief, Defendant Polar owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the Polar FT7, Polar FT4, Polar FT2, Polar FT1, Polar RS100, Polar CS 100, Polar FT80, Polar FT60, Polar FT60 G1, Polar FT40, Polar RS300X, Polar RS300X G1, Polar CS300, Polar CS200cad, RS800CX Pro Training Edition PREMIUM, Polar RS800CX, Polar RS400, Polar CS600X, Polar CS500, Polar CS400, Equine Healthcheck, Equine Inzone, Polar Equine RS300X G1, Equine RS800CX G3, Equine RS800CX Science, Equine CS600X Trotting, Polar WearLink + Transmitter with Bluetooth; DataLink USB; and Polar ProTrainer 5 with Polar WebLink Software, Polar Uplink Tool Software, and Polar Precision Performance. Upon information and belief, Polar resides in this district and is actually doing substantial business in this district.

**Answer to Paragraph 12:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis, Philips denies all allegations therein.

13. Upon information and belief, Defendant A & D owns, operates and/or conducts business through the manufacture, use, distribution, offer to sell, and sale of wireless medical diagnostic and monitoring systems, including without limitation the UA-767PBT, UC-324THW, UA-851THW, HeartView P12/8 BT, XL-20, and CP-1THW. Upon information and belief, A & D resides in this district and is actually doing substantial business in this district.

**Answer to Paragraph 13:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, Philips denies all allegations therein.

### THE PATENTS-IN-SUIT

14.     On May 8, 2007, United States Patent No. 7,215,991 ("the '991 patent"), entitled "Wireless Medical Diagnosis and Monitoring Equipment," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '991 patent is attached hereto as Exhibit A.  Body Science holds all right, title, and interest in and to the '991 patent including, without limitation, the rights to damages for past and present infringement.

**Answer to Paragraph 14:**  Philips admits that the face of the '991 patent bears the title "Wireless Medical Diagnosis and Monitoring Equipment," and bears a May 8, 2007 issue date. Otherwise, Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, Philips denies all allegations therein.

15.     On September 11, 2001, United States Patent No. 6,289,238 ("the '238 patent"), entitled "Wireless Medical Diagnosis and Monitoring Equipment," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '238 patent is attached hereto as Exhibit B.  Body Science holds all right, title, and interest in and to the '238 patent including, without limitation, the rights to damages for past and present infringement.  The '991 patent and the '238 patent are referred to herein collectively as "the patents-in-suit."

**Answer to Paragraph 15:**  Philips admits that the face of the '238 patent bears the title "Wireless Medical Diagnosis and Monitoring Equipment," and bears a September 11, 2001 issue date.  Otherwise, Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, Philips denies all allegations therein.

16.     The patents-in-suit have been the subject of prior litigation in this district, namely in *Motorola, Inc. v. Nonin Medical, Inc.*, No. 04-cv-5944 and *Motorola, Inc. v. Welch Allyn Protocol, Inc.*, No. 04-cv-02270.  In *Nonin Medical*, the Court held a *Markman* hearing, construed numerous claim terms, and rendered an opinion thereon.

**Answer to Paragraph 16:** Admitted.

17.     Notice of infringement has been provided for each of the asserted patents.

**Answer to Paragraph 17:** Philips denies that Body Science provided notice to Philips that it

contends that Philips infringed the asserted patents.  Otherwise, Philips lacks knowledge and

information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the

Complaint, and on that basis, Philips denies all allegations therein.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,215,991

18.     Body Science repeats and realleges each of the allegations of paragraphs 1
through 17 as if set forth fully herein.

**Answer to Paragraph 18:** Philips incorporates and restates its Answers to paragraphs 1 through

17 as if fully set forth herein.

19.     Upon information and belief, Boston Scientific markets and advertises its goods
and services in conjunction with the medical diagnostic and monitoring systems having at least
one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a
digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for
wireless communication with an evaluation station.

**Answer to Paragraph 19:** Philips lacks knowledge and information sufficient to form a belief as

to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis, Philips denies

all allegations therein.

20.     Upon information and belief, Boston Scientific has infringed and is infringing,
within this district and elsewhere within the United States, one or more claims of the '991 patent
in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless
medical diagnostic and monitoring system, including without limitation the Contak Renewal 3
RF, Contak Renewal 4 RF, Livian Cardiac Resynchronization, Latitude Patient Management
System, the Latitude Blood Pressure Monitor, Confient ICD, Cognis Cardiac Resynchronization
Therapy Defibrillator (CRT-D), Confient Implantable Cardioverter Defibrillator (ICD), Vitality
Family of ICDs, and Teligen Implantable Cardioverter Defibrillator (ICD).  Upon information
and belief, infringement is direct, as well as contributory, and by actively inducing infringement
by others.

**Answer to Paragraph 20:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, Philips denies all allegations therein.

21.     Boston Scientific's infringing activities have damaged and will continue to damage Body Science.  Unless Boston Scientific's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Boston Scientific will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 21:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, Philips denies all allegations therein.

22.     Upon information and belief, LifeWatch markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 22:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis, Philips denies all allegations therein.

23.     Upon information and belief, LifeWatch has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the LifeStar Act, LifeStar ACT Ex, LifeStar ACT III, Ambulatory Cardiac Telemetry – CG-6108 ACT, CG-900P Fetal Maternal Monitor, BP Pro, PMP4 Easy2Check, LifeStar, SelfCheck Weight Scale, HealthePod "10 in 1" Wellness Monitor, Fetal Trace Fetal Monitor, SelfCheck ECG, CG-7000DX-BT Diagnostic 12-Lead ECG, Spiro Pro, and Oxy Pro.  Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 23:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis, Philips denies all allegations therein.

24.     LifeWatch's infringing activities have damaged and will continue to damage Body Science.  Unless LifeWatch's infringing activities complained of herein are preliminarily

and permanently enjoined by this Court, LifeWatch will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 24:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis, Philips denies all allegations therein.

25.    Upon information and belief, Philips markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 25:**  Philips admits that it markets and advertises medical diagnostic and monitoring systems.  Because the remaining allegations of paragraph 25 require the premature construction of the claims of the Asserted Patents, Philips otherwise denies the allegations of paragraph 25.

26.    Upon information and belief, Philips has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Telehealth Solutions with the Telestation and wireless measurement devices, Telestation LifeLine product family, Home Healthcare Solutions products, Invivo Expression, Intellivue MP 20 and MP 30, Intellivue MP5, Intellivue MP5T patient monitor, Intellivue MMS X2, Intellivue MP2, Intellivue Information Center, PageWriter TC70 cardiograph, PageWriter TC50 cardiograph, PageWriter TC30 cardiograph, Wireless portable detector for DigitalDiagnost, CX50 CompactXtreme Ultrasound System, and Intellivue M4841A.  Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 26:** Philips denies each and every allegation of paragraph 26.

27.    Philips's infringing activities have damaged and will continue to damage Body Science.  Unless Philips's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Philips will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 27:** Philips denies each and every allegation of paragraph 27.

28.    Upon information and belief, Polar markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog

converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 28:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis, Philips denies all allegations therein.

     29.     Upon information and belief, Polar has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Polar FT7, Polar FT4, Polar FT2, Polar FT1, Polar RS100, Polar CS100, Polar FT80, Polar FT60, Polar FT60 G1, Polar FT40, Polar RS300X, Polar RS300X G1, Polar CS300, Polar CS200cad, RS800CX Pro Training Edition PREMIUM, Polar RS800CX, Polar RS400, Polar CS600X, Polar CS500, Polar CS400, Equine Healthcheck, Equine Inzone, Polar Equine RS300X G1, Equine RS800CX G3, Equine RS800CX Science, Equine CS600X Trotting, Polar WearLink + Transmitter with Bluetooth; DataLink USB; and Polar ProTrainer 5 with Polar WebLink Software, Polar Uplink Tool Software, and Polar Precision Performance. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 29:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, Philips denies all allegations therein.

     30.     Polar's infringing activities have damaged and will continue to damage Body Science. Unless Polar's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Polar will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 30:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis, Philips denies all allegations therein.

     31.     Upon information and belief, A & D markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 31:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, Philips denies all allegations therein.

32.     Upon information and belief, A & D has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '991 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the UA-767PBT, UC-324THW, UA-851THW, HeartView P12/8 BT, XL-20, and CP-1THW. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 32:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis, Philips denies all allegations therein.

33.     A & D's infringing activities have damaged and will continue to damage Body Science. Unless A & D's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, A & D will continue to infringe the '991 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 33:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis, Philips denies all allegations therein.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,289,238

34.     Body Science repeats and realleges each of the allegations of paragraphs 1 through 33 as if set forth fully herein.

**Answer to Paragraph 34:** Philips incorporates and restates its Answers to paragraphs 1 through 33 as if fully set forth herein.

35.     Upon information and belief, Boston Scientific markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 35:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis, Philips denies all allegations therein.

36.     Upon information and belief, Boston Scientific has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Contak Renewal 3 RF, Contak Renewal 4 RF, Livian Cardiac Resynchronization, Latitude Patient Management System, the Latitude Blood Pressure Monitor, Confient ICD, Cognis Cardiac Resynchronization Therapy Defibrillator (CRT-D), Confient Implantable Cardioverter Defibrillator (ICD), Vitality Family of ICDs, and Teligen Implantable Cardioverter Defibrillator (ICD).  Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 36:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis, Philips denies all allegations therein.

37.     Boston Scientific's infringing activities have damaged and will continue to damage Body Science.  Unless Boston Scientific's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Boston Scientific will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 37:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis, Philips denies all allegations therein.

38.     Upon information and belief, LifeWatch markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 38:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis, Philips denies all allegations therein.

39.     Upon information and belief, LifeWatch has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the LifeStar Act, LifeStar ACT Ex, LifeStar ACT III, Ambulatory Cardiac Telemetry – CG-6108 ACT, CG-900P Fetal Maternal Monitor, BP Pro, PMP4 Easy2Check, LifeStar, SelfCheck Weight Scale, HealthePod "10 in 1" Wellness Monitor, Fetal Trace Fetal Monitor, SelfCheck ECG, CG-7000DX-BT Diagnostic 12-Lead ECG, Spiro Pro, and Oxy Pro.  Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 39:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis, Philips denies all allegations therein.

40.     LifeWatch's infringing activities have damaged and will continue to damage Body Science.  Unless LifeWatch's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, LifeWatch will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 40:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on that basis, Philips denies all allegations therein.

41.     Upon information and belief, Philips markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 41:** Philips admits that it markets and advertises medical diagnostic and monitoring systems.  Because the remaining allegations of paragraph 41 require the premature construction of the claims of the Asserted Patents, Philips otherwise denies the allegations of paragraph 41.

42.     Upon information and belief, Philips has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Telehealth Solutions with the Telestation and wireless measurement devices, Telestation LifeLine product family, Home Healthcare Solutions products, Invivo Expression, Intellivue MP 20 and MP 30, Intellivue MP5,

Intellivue MP5T patient monitor, Intellivue MMS X2, Intellivue MP2, Intellivue Information Center, PageWriter TC70 cardiograph, PageWriter TC50 cardiograph, PageWriter TC30 cardiograph, Wireless portable detector for DigitalDiagnost, CX50 CompactXtreme Ultrasound System, and Intellivue M4841A. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 42:** Philips denies each and every allegation of paragraph 42.

43.     Philips's infringing activities have damaged and will continue to damage Body Science. Unless Philips's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Philips will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 43:** Philips denies each and every allegation of paragraph 43.

44.     Upon information and belief, Polar markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 44:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis, Philips denies all allegations therein.

45.     Upon information and belief, Polar has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the Polar FT7, Polar FT4, Polar FT2, Polar FT1, Polar RS100, Polar CS100, Polar FT80, Polar FT60, Polar FT60 G1, Polar FT40, Polar RS300X, Polar RS300X G1, Polar CS300, Polar CS200cad, RS800CX Pro Training Edition PREMIUM, Polar RS800CX, Polar RS400, Polar CS600X, Polar CS500, Polar CS400, Equine Healthcheck, Equine Inzone, Polar Equine RS300X G1, Equine RS800CX G3, Equine RS800CX Science, Equine CS600X Trotting, Polar WearLink + Transmitter with Bluetooth; DataLink USB; and Polar ProTrainer 5 with Polar WebLink Software, Polar Uplink Tool Software, and Polar Precision Performance. Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 45:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and on that basis, Philips denies all allegations therein.

46.     Polar's infringing activities have damaged and will continue to damage Body Science.  Unless Polar's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, Polar will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 46:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis, Philips denies all allegations therein.

47.     Upon information and belief, A & D markets and advertises its goods and services in conjunction with the medical diagnostic and monitoring systems having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

**Answer to Paragraph 47:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis, Philips denies all allegations therein.

48.     Upon information and belief, A & D has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the '238 patent in violation of 35 U.S.C. § 271 through the manufacture, use, offer for sale, and sale of a wireless medical diagnostic and monitoring system, including without limitation the UA-767PBT, UC-324THW, UA-851THW, HeartView P12/8 BT, XL-20, and CP-1THW.  Upon information and belief, infringement is direct, as well as contributory, and by actively inducing infringement by others.

**Answer to Paragraph 48:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis, Philips denies all allegations therein.

49.     A & D's infringing activities have damaged and will continue to damage Body Science.  Unless A & D's infringing activities complained of herein are preliminarily and permanently enjoined by this Court, A & D will continue to infringe the '238 patent causing harm to Body Science's business, market, reputation and goodwill.

**Answer to Paragraph 49:** Philips lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis, Philips denies all allegations therein.

**Answer to Prayer for Relief:**

Insofar as the Prayer requires a response, Philips requests that the Court deny Body Science all requested relief.

## PHILIPS'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State Sufficient Facts to Constitute Claims)**

1.  Plaintiff fails to state a claim on which relief may be granted. Particularly, the Amended Complaint does not sufficiently plead Body Science's claims for induced or contributory infringement. The Amended Complaint does not identify a direct infringer corresponding to Philips's alleged acts of induced and contributory infringement. The Amended Complaint does not allege the requisite intent for either induced infringement or contributory infringement.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity of the '991 patent)**

2.  The '991 patent and each and every claim therein is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq.*

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity of the '238 patent)**

3.  The '238 patent and each and every claim therein is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE
**(Laches)**

4.  Some or all of Plaintiff's claims against Philips are time barred under the doctrine of laches. Plaintiff unreasonably delayed in filing this action and unreasonably delayed in prosecuting the asserted claims, after Plaintiff knew, or should have known, of the allegedly

infringing acts.  In the interim, Philips has invested time and money into building its business and goodwill.  To allow Plaintiff to bring an action now after its unreasonable delay would result in material prejudice to Philips.

## FIFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

5.      Philips has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel for the '991 patent)

6.      By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the application that ultimately led to the issuance of the '991 patent, Plaintiff is estopped from asserting that any claim of the '991 patent is infringed by Philips under the doctrine of equivalents for one or more of Plaintiff's asserted claims.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel for the '238 patent)

7.      By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the application that ultimately led to the issuance of the '238 patent, Plaintiff is estopped from asserting that any claim of the '238 patent is infringed by Philips under the doctrine of equivalents for one or more of Plaintiff's asserted claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Non-Infringement of the '991 patent)

8.      No product or service made, used, imported, sold, or offered for sale by Philips infringes directly or indirectly, any valid or enforceable claim of the '991 patent.

## NINTH AFFIRMATIVE DEFENSE
### (Non-Infringement of the '238 patent)

9. No product or service made, used, imported, sold, or offered for sale by Philips infringes directly or indirectly, any valid or enforceable claim of the '238 patent.

## TENTH AFFIRMATIVE DEFENSE
### (Absence of Liability for Indirect Infringement)

10. To the extent that Plaintiff asserts that Philips indirectly infringes, either by contributory infringement or inducement of infringement, Philips is not liable to Plaintiff for the acts alleged to have been performed before Philips knew that its actions would cause indirect infringement.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Absence of Irreparable Harm)

11. Plaintiff has not suffered irreparable harm for which injunctive relief is warranted.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misjoinder)

12. Plaintiff has improperly joined Philips in this Action under Federal Rule of Civil Procedure 20(a).

## COUNTERCLAIMS

Counter-Plaintiff Philips Electronics North America Corporation ("Philips") alleges as follows for its Counterclaims against Plaintiff Body Sciences LLC ("Body Sciences").

## NATURE OF THE LAWSUIT

This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

## THE PARTIES

1. Philips is a Delaware corporation having a place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

2.      The Complaint alleges that Body Sciences is a Texas Limited Liability Company with its principal place of business at 6136 Frisco Square Boulevard, Frisco, Texas 75034.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under Fed. R. Civ. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

4.      By virtue of the Complaint filed by Plaintiff in this action, there is an actual and justiciable controversy between Philips and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the Asserted Patents.  A judicial declaration is needed and appropriate to resolve this controversy.

### First Counterclaim
#### (Invalidity of the '991 patent)

5.      Philips repeats and realleges the allegations in Paragraphs 1 through 4 of its Counterclaims.

6.      The '991 patent and each and every claim of the '991 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

7.      Based on the foregoing, Philips seeks a declaratory judgment that the '991 patent and each and every claim of the '991 patent are invalid.

8.      This case qualifies as an exceptional case under 35 U.S.C. § 285.

### Second Counterclaim
#### (Non-Infringement of the '991 patent)

9.      Philips repeats and realleges the allegations in Paragraphs 1 through 8 of its Counterclaims.

10.     Philips has not made, used, sold, offered for sale, or imported, and does not make, use, sell, offer for sale, or import any product that directly or indirectly infringes any valid and enforceable claim of the '991 patent, either literally or under the doctrine of equivalents.

11.     Philips does not infringe and has not infringed any valid or enforceable claim of the '991 patent, either directly, indirectly, contributorily and/or by inducement, literally or under the doctrine of equivalents.

12.     Based on the foregoing, Philips seeks a declaratory judgment that Philips does not infringe any valid or enforceable claim of the '991 patent, either directly, indirectly, contributorily and/or by inducement, literally or under the doctrine of equivalents.

13.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

**Third Counterclaim**
**(Invalidity of the '238 patent)**

14.     Philips repeats and realleges the allegations in Paragraphs 1 through 13 of its Counterclaims.

15.     The ' patent and each and every claim of the '238 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

16.     Based on the foregoing, Philips seeks a declaratory judgment that the '238 patent and each and every claim of the '238 patent are invalid.

17.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

**Fourth Counterclaim**
**(Non-Infringement of the '238 patent)**

18.     Philips repeats and realleges the allegations in Paragraphs 1 through 17 of its Counterclaims.

19.     Philips has not made, used, sold, offered for sale, or imported, and does not make, use, sell, offer for sale, or import any product that directly or indirectly infringes any valid and enforceable claim of the '238 patent, either literally or under the doctrine of equivalents.

20.     Philips does not  infringe and has not infringed any valid or enforceable claim of the '238 patent, either directly, indirectly, contributorily and/or by inducement, literally or under the doctrine of equivalents.

21.     Based on the foregoing, Philips seeks a declaratory judgment that Philips does not infringe any valid or enforceable claim of the '238 patent, either directly, indirectly, contributorily and/or by inducement, literally or under the doctrine of equivalents.

22.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, PHILIPS respectfully requests that this Court:

A.      Dismiss Plaintiff's Complaint with prejudice;

B.      Order and adjudge that Philips has not infringed any valid, enforceable claim of the Asserted Patents;

C.      Order and adjudge that the Asserted Patents are invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq*.;

D.      Order and adjudge that the Asserted Patent is unenforceable;

E.      Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award Philips its reasonable attorney's fees; and

F.      Grant Philips such further relief as this Court deems just and appropriate.

## JURY DEMAND

PHILIPS hereby demands a jury trial on all issues so triable in this case.

Dated: August 26, 2011

Respectfully submitted,

/s/ Alan M. Grimaldi

Alan M. Grimaldi
Brian A. Rosenthal
Bryon T. Wasserman
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
(202) 263-3000
(202) 263-3300 – Facsimile

James R. Ferguson
Emily C. Melvin
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago IL 60606
(312) 782-0600
(312) 701-7711 – Facsimile

*Attorneys for Defendant Philips Electronics North America Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on August 26, 2011, a true and correct copy of the foregoing **ANSWER OF PHILIPS NORTH AMERICA CORPORATION** was filed with the Court's CM/ECF system, which will send electronic notice to all attorneys of record.

    /s/    Alan M. Grimaldi    